UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SPECULATIVE PRODUCT DESIGN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CASETAGRAM LIMITED d/b/a/ CASETIFY<br><br>Defendant. | Case No.: 1:23-cv-01171<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Speculative Product Design, LLC ("Speck") hereby brings this action alleging that Defendant Casetagram Limited d/b/a Casetify ("Casetify") infringes U.S. Patent Nos. 9,720,442 ("the '442 Patent") and 10,627,859 ("the '859 Patent") (collectively, the "Asserted Patents") in violation of the patent laws of the United States of America, 35 U.S.C. § 1 et seq.

**INTRODUCTION**

2. Modern cellular phones and tablet computers commonly have internal cameras and flashes that are proximate to each other. Protective cases for these devices can have an aperture to expose the camera lens(es) and flash, thereby allowing the camera and flash to operate while providing protection for the device

1

as a whole. Prior to the filing of U.S. Provisional Patent Application Nos. 61/400,002 and 61/400,361 in July 2010, the inventors of the Asserted Patents discovered that the light from a device's flash can reflect off the sides of a case's camera aperture and enter the camera lens(es), thereby causing unwanted distortions of a captured image. The Asserted Patents address this image distortion by, e.g., providing an insert within the case aperture that reduces the reflection of light from a device's flash into its camera lens(es). The insert can be a neutral color, for example black, and/or be textured to reduce reflection and/or increase absorption of light, and it can "be mechanically, thermally, chemically, inset-molded, co-molded, or otherwise integrated or attached into the surrounding case." (Asserted Patents, col. 3, ll. 1-7.)



(Asserted Patents, Fig. 4 (left), Fig. 6d (right).)

3. Speck, the assignee of the Asserted Patents, manufactures and sells accessories for electronic devices, including, *inter alia*, protective cases for cellular phones and tablet computers. Speck has incorporated its patented technology into many of its protective case products, such as its Presidio2 Grip MagSafe iPhone 14 Pro Cases:



(*Presidio2 Grip Magsafe iPhone 14 Pro Cases*, SPECK, https://speckproducts.com/products/presidio2-grip-magsafe-iphone-14-pro-cases?variant=42852891558019 (last visited August 29, 2023).)

4. Casetify—one of Speck's competitors—also sells a series of cellular device and tablet computer protective cases that incorporate a black, textured aperture insert that surrounds the camera lens(es) and flash of an inserted device. In fact, every iPhone, iPad, Galaxy S Ultra Series, Galaxy Z Fold Series, and Pixel case that Casetify sells (collectively, the "Accused Products") incorporates this black insert. The following Casetify Accused Products are representative:

3

- **Apple iPhone Cases:**



(*Custom Phone Case[:] iPhone 14*, CASETIFY,

https://www.casetify.com/product/phone-case-customization/iphone-14/clear-case#/16004812 (last visited August 29, 2023).)

- **Apple iPad Cases:**



(*Good Vibes iPad Ultra Impact Case*, CASETIFY, https://www.casetify.com/product/QDJaO_good-vibes/ipad-109-gen10/ipad-ultra-impact-case#/16005431 (last visited August 29, 2023).)

- **Samsung Galaxy S Ultra Series Cases:**



(*Custom Phone Case[:] Samsung Galaxy S23 Ultra*, CASETIFY, https://www.casetify.com/product/phone-case-customization/samsung-galaxy-s23-ultra/clear-cases#/16005695 (last visited August 29, 2023).)

- **Samsung Galaxy Z Fold Series Cases:**



(*Custom Phone Case[:] Samsung Galaxy Z Fold5*, CASETIFY, https://www.casetify.com/product/phone-case-customization/samsung-galaxy-z-fold5/recasetify-impact-case#/16006210 (last visited August 29, 2023).)

- **Google Pixel Cases:**



(*Custom Phone Case[:] Google Pixel Fold*, CASETIFY,

https://www.casetify.com/product/phone-case-customization/google-pixel-fold/clear-cases#/16005837 (last visited August 29, 2023).)



(*Custom Phone Case[:] Google Pixel 7 Pro*, CASETIFY,

https://www.casetify.com/product/phone-case-customization/google-pixel-7-pro/impact-case-with-black-camera-ring#/16004960 (last visited August 29, 2023).)

5. Casetify has made each of the Accused Products available to individuals throughout the United States, including in this District.

6. On August 21, 2023, Speck's counsel sent Casetify a letter, via email and DHL Courier, informing Casetify that its sale, offer for sale, manufacture, use, and/or import of the Accused Products infringe the Asserted Patents. (*See* **Exhibit C**.) The letter included claim charts demonstrating infringement of a

7

representative Accused Product and demanded, *inter alia*, that Casetify immediately cease its infringing activities. (*Id.*)

7. In response to Speck's letter, Casetify has not ceased its infringing activities. To the contrary, in mid-September 2023, with knowledge of the patents-at-issue, Casetify released an entirely new line of patent-infringing cases for the new iPhone 15, some of which are shown as follows:

   

   

   

   

https://www.casetify.com/case-type/ultra-bounce-case-magsafe-compatible?

## THE PARTIES

8.     Speck is a limited liability company formed under the laws of California with its registered office address located at 400 So. El Camino Real, Suite 1200, San Mateo, Ca 94402.

9.     Casetify is a limited liability company formed under the laws of Hong Kong with a place of business at 11/F Fun Tower 35 Hung To Road Kwun Tong Kowloon, Hong Kong, China.

9

## JURISDICTION AND VENUE

10. This is a civil action for patent infringement arising under the patent laws of the United States as set forth in 35 U.S.C. §§ 271, *et seq*.

11. This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Speck's causes of action arise, at least in part, from Casetify's contacts with and activities in this District and the State of Texas. Casetify operates an interactive website, for example, through which it offers for sale and sells the Accused Products. A customer may go to this interactive website and buy the Accused Products, including from within this District. (*See* CASETIFY, https://www.casetify.com/ (last visited September 24, 2023).) Casetify also sells the Accused Products on Amazon.com, which is similarly accessible in this District. (*See Shop Casetify*, AMAZON.COM, https://www.amazon.com/stores/Casetify/Casetify/page/EEAB665F-CAFC-41C9-86AD-E5D53692CD16 (last visited August 29, 2023).)

13. This Court has personal jurisdiction over Casetify because Casetify has committed acts of infringing the Asserted Patents within this District and the State of Texas at least by using, selling, offering for sale, and/or importing the Accused Products into this District and elsewhere in the State of Texas. Casetify also, directly and/or through intermediaries, ships, distributes, advertises,

promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Casetify regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

14. Venue is proper in this District under 28 U.S.C. § 1391(c) because Casetify is a foreign company. In addition, Casetify has committed acts of patent infringement in this District, and Speck has suffered harm in this District as a result.

## THE ASSERTED PATENTS

15. The '442 Patent, which is entitled "Flash Insert for Mobile Phone Case," was duly and legally issued to inventors Ryan Hill Mongan, Bryan Lee Hynecek, Jarret Lee Weis, and David Chia-Wen Lean on August 1, 2017. A true copy of the '442 Patent is attached hereto as **Exhibit A**.

16. Speck is the owner of the entire right, title, and interest in and to the '442 Patent, which is presumed valid under 35 U.S.C. § 282.

17. The '859 Patent, which is entitled "Flash Insert for Mobile Phone Case," was duly and legally issued to inventors Ryan Hill Mongan, Bryan Lee Hynecek, Jarret Lee Weis, and David Chia-Wen Lean on April 21, 2020. A true copy of the '859 Patent is attached hereto as **Exhibit B**.

18. Speck is the owner of the entire right, title, and interest in and to the '859 Patent, which is presumed valid under 35 U.S.C. § 282.

### COUNT I:  PATENT INFRINGEMENT OF THE '442 PATENT

19. Speck incorporates by reference each of the above paragraphs as if fully restated herein.

20. Casetify has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, one or more claims of the '442 Patent by making, using, selling, offering to sell, and/or importing the Accused Products within the United States.

21. An infringement analysis demonstrating how a representative member of the Accused Products practices each and every limitation of claim 1 of the '442 Patent, either literally or under the doctrine of equivalents, is provided with Speck's August 21, 2023 cease and desist letter to Casetify, attached as **Exhibit C**.

22. Casetify has had knowledge of the '442 Patent and its infringement of the '442 Patent at least as of the service of Speck's August 21, 2023 cease and desist letter.

23. Casetify's infringement of the '442 patent has been and continues to be willful and deliberate, at least as of the service of Speck's August 21, 2023 cease and desist letter.

24. As a result of Casetify's infringement of the '442 Patent, Speck has suffered and continues to suffer damages, causing irreparable harm for which there is no adequate remedy at law.

25. Speck seeks monetary damages to compensate it for Casetify's infringement, as well as enhanced damages and a permanent injunction against Casetify's continued infringement of the '442 Patent.

## COUNT II: PATENT INFRINGEMENT OF THE '859 PATENT

26. Speck incorporates by reference each of the above paragraphs as if fully restated herein.

27. Casetify has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, one or more claims of the '859 Patent by making, using, selling, offering to sell, and/or importing the Accused Products within the United States.

28. An infringement analysis demonstrating how a representative member of the Accused Products practices each and every limitation of claim 1 of the '859 Patent, either literally or under the doctrine of equivalents, is provided with Speck's August 21, 2023 cease and desist letter to Casetify, attached as **Exhibit C**.

29. Casetify has had knowledge of the '859 Patent and its infringement of the '859 Patent at least as of the service of Speck's August 21, 2023 cease and desist letter.

30. Casetify's infringement of the '859 patent has been and continues to be willful and deliberate, at least as of the service of Speck's August 21, 2023 cease and desist letter.

31. As a result of Casetify's infringement of the '859 Patent, Speck has suffered and continues to suffer damages, causing irreparable harm for which there is no adequate remedy at law.

32. Speck seeks monetary damages to compensate it for Casetify's infringement, as well as enhanced damages and a permanent injunction against Casetify's continued infringement of the '859 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Speck respectfully requests the following relief:

A. A judgment in favor of Speck that Casetify has infringed, either literally and/or under the doctrine of equivalents, the '442 and '859 Patents;

B. An award of damages resulting from Casetify's acts of infringement in accordance with 35 U.S.C. § 284;

C. An accounting of damages incurred by Speck from six years prior to the date this lawsuit was filed through the entry of a final, non-appealable judgment;

D. Pre- and post-judgment interest on such damages to Speck;

E.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Speck reasonable attorneys' fees against Casetify.

F.  A permanent injunction against Casetify, its employees and agents, and any other person or entity in active concert or participation with them from further infringement of the '442 and '859 Patents and from the use, manufacture, sale, offer for sale, and/or importation of the Accused Products;

G.  Any and all other relief, including potentially enhanced damages, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Speck respectfully requests a trial by jury on all issues triable thereby.

DATED this 26th day of September, 2023.

RESPECTFULLY SUBMITTED,

By: */s/Artoush Ohanian*_____
Texas State Bar No. 24013260
H. Artoush Ohanian
OhanianIP
604 West 13th Street
Austin, Texas 78701
Phone: (512) 298-2005
Email: artoush@ohanianip.com

-and-

15

Steven G. Hill
Georgia Bar No. 354658
*Pro Hac Vice pending*
David K. Ludwig
Connecticut Bar No. 43510
*Pro Hac Vice pending*
Hill, Kertscher & Wharton, LLP
3625 Cumberland Blvd., SE
Suite 1050
Atlanta, Georgia 30339-6406
Tel.: (770) 953-0995

Email:  sgh@hkw-law.com
Email:  dludwig@hkw-law.com

***Counsel for Plaintiff Speculative Product Design, LLC***