UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SPECULATIVE PRODUCT DESIGN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CASETAGRAM LIMITED d/b/a/ CASETIFY<br><br>    Defendant. | Case No.: 1:23-cv-01171-DII<br><br>**JURY TRIAL DEMANDED** |

## **EXHIBIT A:  AGREED SCHEDULING ORDER**

  Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

  1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **February 7, 2025**.

  2. Plaintiff shall submit a written offer of settlement to Defendant on or before **July 3, 2024**, and Defendant shall respond, in writing, on or before **July 17, 2024**.  All offers of settlement are to be private, not filed.  The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

  3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **August 23, 2024**.

4. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **September 6, 2024**.

5. On or before **February 23, 2024**, Plaintiff shall serve a disclosure of asserted claims and preliminary infringement contentions (and accompanying document production) containing the following information: a chart explaining and identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality, including explaining and identifying whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused instrumentality; the priority date that Plaintiff contends each asserted claim is entitled to, along with all evidence supporting that priority date; and a copy of the file history for the patent-in-suit.

6. On or before **April 5, 2024**, Defendant shall serve its preliminary invalidity contentions in the form of claim charts detailing where each element of each asserted claim is found within each piece of prior art.  Defendant shall also include an identification of any limitations that Defendant contends are indefinite or lack written description under 35 U.S.C. § 112, and an identification of any claims that Defendant contends are directed to ineligible subject matter under 35 U.S.C. § 101.  Defendant shall also produce all prior art referenced in the invalidity contentions and technical documents sufficient to show the operation of the accused products.

7. The following deadlines shall apply to claim construction proceedings in this case:

    a. On **May 3, 2024**, the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any

        claim element a party contends should be governed by 35 U.S.C. § 112(f), or Pre-AIA 35 U.S.C. § 112 sixth paragraph.

    b.    On **May 31, 2024**, the parties shall concurrently exchange proposed constructions and any extrinsic evidence that the party will rely on in support of its proposed constructions. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items[1] of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced.

    c.    On **June 21, 2024**, the parties shall file their Opening Claim Construction Briefs with supporting evidence, including any declarations of expert witnesses in support of claim construction.

    d.    On or before **July 12, 2024**, the parties shall file their Responsive Claim Construction Briefs, with supporting evidence, including any responsive declarations of expert witnesses in support of their responsive positions.

8.    On or before **July 26, 2024**, the parties shall submit a Joint Claim Construction Statement.

9.    The *Markman* hearing is to be set by the Court after claim construction briefing is complete.

10.    Fact Discovery shall open one week after the *Markman* hearing and the parties shall serve initial disclosures per Rule 26(a) **on this day**.

---

[1] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

11. The deadline to serve Final Infringement and Invalidity Contentions is **November 1, 2024**.

12. Fact Discovery shall close on **April 4, 2025**.

13. All parties shall exchange opening expert reports (including all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **April 25, 2025**. The parties exchange rebuttal expert reports (including all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **May 30, 2025**.

14. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **11 days** from the receipt of the written report of the expert's proposed testimony, or within **11 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

15. The parties shall complete all expert discovery on or before **June 27, 2025**.

16. All dispositive motions shall be filed on or before **July 18, 2025** and shall be limited to 20 pages. Responses shall be filed not later than **14 days** after the service of the motion and shall be limited to 20 pages. Any replies shall be filed not later than **7 days** after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

17. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

**The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

18.  This case is set for _____ trial commencing at 9:00 a.m. on _____, 20_____.  **Jury selection may be conducted by a United States Magistrate Judge the Friday before the case is set for trial.  Given that (1) many cases resolve before trial and (2) the Austin Division has only one active district court judge, the Court may set a criminal case and several civil cases for the same trial week. The Court recognizes the inconvenience this may cause counsel and parties if a trial is moved shortly before the trial date, but the Court must balance that inconvenience with its need to effectively deploy limited judicial resources.**

19.  The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date.  Those dates are firm.  The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

SIGNED on _____, 2024.

_____
UNITED STATES DISTRICT JUDGE